IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON D. BAKER | * | |
| v. | * | Civil Action No. RDB-07-529 |
| UNITED STATES OF AMERICA | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-05-0271 |
| LEON D. BAKER | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Leon D. Baker ("Petitioner" or "Baker"), a federal prison inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 2, 2007. (Paper No. 57.) On February 3, 2006, Baker pled guilty to: (1) robbery affecting interstate commerce in violation of 18 U.S.C. § 1951; and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Baker challenges these convictions and the subsequent sentence of one hundred sixty-eight months, imposed by this Court on April 21, 2006, on the grounds that he received ineffective assistance of counsel and that his sentence was wrongly calculated. Specifically, Baker rests his ineffective assistance of counsel claim on the grounds that his attorney failed to: (1) file Petitioner's requested appeal and/or consult with him about an appeal; (2) object to the enhancements applied in sentencing; and (3) object to the use of prior criminal convictions in sentencing. Additionally, Baker claims that his sentence should have been lowered for the firearms offense. For reasons set forth below, this Court will withhold

ruling on Petitioner's claim that he was denied his right to appeal until an evidentiary hearing is conducted. Because this Court will conduct an evidentiary hearing as to whether Petitioner's right to appeal was violated, this Court is also required to appoint counsel for Petitioner pursuant to Rule 8(c) of the Federal Rules Governing § 2255 Cases. As to the remaining grounds, however, no hearing is necessary and this Court will, by separate Order, deny Petitioner's motion.

## BACKGROUND

The facts of the underlying criminal case, as stipulated and agreed to in the plea agreement, are not in dispute. On December 30, 2004, Petitioner and a co-defendant stole a 1990 Lincoln Town Car from Harbor Motor City, a Baltimore City automobile dealership doing business in interstate commerce. Holding a Harbor Motor City employee at gunpoint, Baker demanded access to documents and keys to the 1990 Lincoln Town Car. During the robbery, Baker told a second employee, "if anything goes wrong, you're going to be the first to get it, big man." After securing the keys, Baker and his co-defendant put a stolen sixty-day temporary license plate on the Lincoln and left the business in the stolen vehicle.

On September 14, 2005, Baltimore police officers who were members of the Regional Auto Theft Task Force observed Baker driving the stolen vehicle, which now had stolen tags. The police officers surrounded the vehicle with their police vehicles and approached Petitioner on foot. In attempt to flee, Petitioner accelerated his vehicle to ram into and move the police vehicle behind him. After the officers broke the side windows of the Lincoln in an effort to grab Baker, he stopped the vehicle and put up his hands. During a search incident to arrest, officers recovered: (1) a fully loaded nine millimeter Beretta handgun with an obliterated serial number;

(2) a fully loaded Taurus .38 caliber handgun; (3) a plastic bag with sixteen vials, each containing approximately 1.17 grams of cocaine base; and (4) four plastic "baggies" containing approximately 20.31 grams of cocaine base.

Following an initial indictment in June 2005, a federal grand jury returned a superseding indictment against Baker and his co-defendant on December 21, 2005, charging Baker with eight separate counts.[1] On February 3, 2006, Baker pled guilty to Count One (robbery affecting interstate commerce) and Count Eight (possession of a firearm in furtherance of a drug trafficking crime) of the superceding indictment. On April 21, 2006, this Court sentenced Baker to one hundred sixty-eight months imprisonment.

In the present motion, Baker bases his claim of ineffective assistance of counsel on three grounds. First, Baker contends that his attorney failed to file a requested appeal and failed to consult with him about an appeal. Second, Baker claims that he was prejudiced by his attorney's failure to object to the enhancements applied in sentencing. Third, Baker claims that he was prejudiced by his attorney's failure to object to the use of Baker's prior criminal convictions in sentencing. Additionally, Baker claims that his sentence was wrongly calculated, and thus his

---

[1] Specifically, the superseding indictment charged Baker with the following offenses: (1) robbery affecting interstate commerce on December 30, 2004, in violation of 18 U.S.C. § 1951 (Count One); (2) possession of a firearm by a prohibited person on December 30, 2004, in violation of 18 U.S.C. § 922(g)(1) (Count Two); (3) possession of a firearm by a prohibited person on January 1, 2005, in violation of 18 U.S.C. § 922(g)(1) (Count Three); (4) possession of a firearm by a prohibited person (felon in possession of ammunition) on January 1, 2005, in violation of 18 U.S.C. § 922(g)(1) (Count Four); (5) possession of a firearm by a prohibited person on September 14, 2005, in violation of 18 U.S.C. § 922(g)(1) (Count Six); (6) possession with intent to distribute 5 grams or more of cocaine base on September 14, 2005, in violation of 21 U.S.C. § 841(a)(1)(b)(1)(B) (Count Seven); (7) possession of a firearm in furtherance of a drug trafficking crime on September 14, 2005, in violation of 18 U.S.C. § 924(c) (Count Eight); and (8) possession of a firearm in furtherance of a crime of violence on December 30, 2004, in violation of 18 U.S.C. § 924(c) (Count Nine).

sentence should have been lowered for the firearms offense to which he pled guilty.

## DISCUSSION

### A.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first step, the petitioner must establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* When evaluating attorney conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the second step, the petitioner mush show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must demonstrate not only that counsel's deficient conduct has a reasonable probability of affecting the outcome of the proceeding, but also that, because of it, the "result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Thus, as noted by the United States Court of Appeals for the Fourth Circuit, the mere possibility that a result may have been different is not sufficient. *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986).

### 1.  Denial of Right to Appeal

Petitioner claims that he requested his attorney file an appeal on his behalf, but that such appeal was neither filed nor discussed with him. Petitioner makes this argument despite the fact

that he signed a plea agreement containing a waiver of the right to appeal in the event that his sentence was less than 125 months for the robbery charge.[2] However, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court of the United States held that the failure to file a requested notice of appeal is per se ineffective of counsel, regardless of whether the appeal would have merit. Id. at 483–86. In 2007, the Fourth Circuit interpreted Flores-Ortega to mean that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).[3] This holding by the Fourth Circuit is consistent with the interpretations of Flores-Ortega by the Second, Ninth, Tenth, and Eleventh Circuits. Id. at 272 ("Our decision today is consistent with the four United States Courts of Appeal that have concluded that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." (citing United States v. Campusano, 442 F.3d 770, 772–77 (2d Cir. 2006); United States v. Sandoval-Lopez, 409 F.3d 1193, 1195–99 (9th Cir. 2005); United States v. Garrett, 402 F.3d 1262, 1265–67 (10th Cir. 2005); Gomez-Diaz v. United States, 433 F.3d 788, 791–94 (11th Cir. 2005))). Accordingly, Petitioner's right to appeal is not entirely foreclosed simply because he agreed to a waiver of appeal provision in the plea agreement.

Petitioner's claim—that he instructed his attorney to file an appeal immediately following sentencing—presents a factual issue to be resolved by this Court. The weight of the evidence

---

[2] The firearms charge came with a mandatory 60-month consecutive sentence.

[3] The Government's brief was filed before the Poindexter case was decided.

clearly favors the Government at this point. In response to Petitioner's motion, the Government has submitted a sworn affidavit by Allan Bussard, Petitioner's former attorney, in which Bussard states unequivocally that the Petitioner never requested an appeal. Weighed against the self-interest affidavit submitted by Petitioner, Bussard's submission is particularly credible. Moreover, the Government has submitted two letters written by the Petitioner to his attorney after sentencing, neither of which indicate that Petitioner had requested or was anticipating requesting an appeal of his convictions. The sworn affidavit and the circumstantial evidence presented through the letters tend to undermine Petitioner's assertion. However, 28 U.S.C. § 2255(b) states that "[u]nless the motion and files and records of the case *conclusively show that the prisoner is entitled to no relief*, the court shall . . . grant a prompt hearing thereon, [and] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b) (emphasis added).

Because this Court cannot "conclusively" determine based on the papers alone that the Petitioner is "entitled to no relief,"[4] this Court will conduct a brief evidentiary hearing on the issue of whether Petitioner instructed Mr. Bussard to file an appeal on his behalf. Because an evidentiary hearing is required, this Court will appoint counsel to represent Petitioner pursuant to Rule 8(c) of the Federal Rules Governing § 2255 Cases, which provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

---

[4] The Fourth Circuit has explained in an unpublished opinion that "motions which turn on only factual and credibility issues cannot be resolved solely on the basis of affidavits, but rather, in general, require an evidentiary hearing." *United States v. Murphy*, No. 00-6302, 2000 U.S. App. LEXIS 19955, *2 (4th Cir. 2000) (per curiam).

2.  **Failure to Object to Sentencing Enhancements**

Petitioner claims further that he was denied effective assistance of counsel because his former attorney failed to investigate and object to two sentencing enhancements: the six-level sentencing increase under U.S.S.G. § 2B3.1(b)(2)(B)[3] (Specific Offense Characteristic for use of a firearm) and the four-level increase under U.S.S.G § 2B3.1(b)(4)(A) (Specific Offense Characteristic for abduction of a person). Petitioner's claim, however, fails to satisfy either part one or two of *Strickland*'s two-part test.

Based on Petitioner's limited explanation of his claim, Petitioner appears to argue that he had an incomplete understanding of the enhancements because of his attorney's alleged deficient investigation of the sentencing enhancements and the lack of underlying factual support for the enhancements. Petitioner argues that if he or his attorney had a more complete understanding of the effect of the enhancements, they would have objected to their use. Petitioner's claim, however, is contradicted by the facts, fails to rebut the strong presumption of attorney competence under part one of the *Strickland* test, and does not demonstrate prejudice against him.

In both the plea agreement and before this Court at the Rule 11 hearing, the Petitioner was appraised of the effect of the sentencing enhancements, admitted to understanding them, and agreed to them. By signing the plea agreement, Petitioner stipulated that he read and understood every part of the plea agreement, and reviewed every part of the plea agreement with his attorney

---

[3] While both the Government's brief and the affidavit of Alan R.L. Bussard refer to U.S.S.G. § 2B3.1(b)(2)(C) as the citation for the six-level increase for the use of a firearm, this is clearly a clerical error as the six-level increase for the use of a firearm is found in U.S.S.G § 2B3.1(b)(2)(B).

carefully, including paragraph 6 of the plea agreement which explains the sentencing enhancements. By signing the plea agreement, Petitioner not only failed to object to the sentencing enhancements, but explicitly agreed to them and agreed to understanding them. In this plea agreement, Petitioner stipulated that he was completely satisfied with the representation of his attorney. Additionally, during the Rule 11 colloquy, after this Court explained the sentencing enhancements to the Petitioner, he admitted to understanding both the enhancements and the mandatory minimum sentence he was agreeing to in his guilty plea. Petitioner also admitted to discussing the federal sentencing guidelines with his attorney. Furthermore, in Bussard's affidavit, he states that Petitioner fully understood that the government had witnesses to testify about the underlying factual grounds for the sentencing enhancements—Petitioner's use of firearms and the abduction of the Harbor Motor City employee during the commission of the offenses.

3.      **Failure to Object to Prior Convictions Included in the Presentence Report**

Petitioner's final ineffective assistance of counsel claim is that his attorney failed to investigate or object to the inclusion in Petitioner's criminal history of two prior convictions in which Petitioner was not represented by counsel. First, Petitioner claims that his attorney failed to object to a June 1, 2004 conviction for driving without a license, a misdemeanor. Second, Petitioner claims his attorney failed to investigate and object to an April 17, 2004 conviction for attempted distribution of a controlled substance.

As demonstrated in the sentencing record, Petitioner's attorney objected to the use of the June 2004 conviction on the grounds that it over-represented the seriousness of Petitioner's criminal record, an argument which this Court subsequently rejected because the conviction

would not have had an impact on Petitioner's criminal history level. While the record clearly contains an objection to the use of the June 2004 conviction, Petitioner claims his attorney failed to object to the conviction on the ground that Petitioner did not receive counsel in conjunction with this conviction. Petitioner's attorney was not required to make such an argument, as it would have been frivolous. First, a defendant only has a right to counsel if actual imprisonment will be imposed. *Scott v. Illinois*, 440 U.S. 367, 373 (1979). Petitioner's June 2004 conviction carried no possibility of a prison sentence and resulted in one year of probation. Additionally, an uncounseled misdemeanor conviction is valid when used to enhance punishment at a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 748-49 (1994). Accordingly, Petitioner's argument about his June 2004 conviction is without merit. Therefore, Petitioner's argument fails to satisfy part one of the *Strickland* test.

The record also demonstrates that Petitioner's attorney investigated the April 2004 conviction, and in doing so learned that this conviction would not have resulted in a change in Petitioner's Criminal History Level. Allan Bussard reviewed the court file for this conviction at the District Court of Maryland for Baltimore City-Patapsco and requested an audio recording of the sentencing hearing, which demonstrates that Petitioner had waived his right to counsel in that proceeding. In his subsequent research, Bussard discovered that even if this Court decided not to assess two criminal history points for this conviction, Petitioner's Criminal History Level would not change with the inclusion of the April 2004 conviction. Even if these facts rebut the strong presumption of attorney competence under part one of the *Strickland* test, Petitioner was not prejudiced by his attorney's failure to object to the use of the April 2004 conviction in his criminal history. Accordingly, Petitioner's claim does not fulfill the requirements of part two of

the *Strickland* test.

**B.    Unconstitutional Sentence**

Lastly, Petitioner claims that his counsel was ineffective because he did not seek a downward departure to reward Petitioner for accepting responsibility for Count Eight (possession of a firearm in furtherance of a drug trafficking crime on September 14, 2005, in violation of 18 U.S.C. § 924(c)).[6] Both the plea agreement and the presentence report demonstrate that Petitioner was eligible for and did receive a three-point reduction for acceptance of responsibility for Count One (robbery affecting interstate commerce in violation of 18 U.S.C. § 1951), which adjusted his offense level from 30 to 27. However, Petitioner mistakenly argues that he should be given credit for accepting responsibility for Count Eight.

Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)(i), which carries a statutorily defined minimum consecutive sentence of "not less than five years." According to section 5G1.2(a) of the United States Sentencing Guidelines, "[t]he sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such a term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by the statute and imposed independently." U.S.S.G § 5G1.2(a). Consequently, Petitioner's claim that acceptance of responsibility points should be deducted in calculating a 18 U.S.C. § 924(c) sentence is "unrealizable because the sentence is set by statute and thus there is no calculation from which to subtract." *United States v. Graham*, No.

---

[6] Petitioner has variously couched this argument under the rubric of ineffective assistance of counsel and as an independent claim. Regardless of how it is reviewed, Petitioner is not entitled to relief.

10

99-2005, 2000 U.S. App. LEXIS 13903, at *4 (7th Cir. 2000).[7] Accordingly, Petitioner's downward departure claim for Count Eight is without merit.

## CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper No. 57) is DENIED at to: (1) Petitioner's ineffective assistance of counsel claims based on Petitioner's contention that his attorney a) failed to object to the enhancements applied in sentencing and b) failed to object to the use of prior criminal convictions in sentencing; and (2) unconstitutional sentence claim. As to the denial of right to appeal argument, this Court will withhold ruling on Petitioner's claim until after a separate evidentiary hearing on the matter has been conducted. A separate order follows.

Dated: February 18, 2009

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge

---

[7] *United States v. Graham*, a decision by the United States Court of Appeals for the Seventh Circuit, was cited by the Fourth Circuit when explaining that 18 U.S.C. § 924(c) does not have an offense level for calculating sentencing and the sentencing guidelines do not provide a "clear method" for calculating its offense level. *United States v. Davis*, 380 F.3d 183, 190 (4th Cir. 2004) (citing *Graham*, No. 99-2005, 2000 U.S. App. LEXIS 13903, at *4). In *Davis*, the Court further explained that U.S.S.G § 2K2.4(b) defines 18 U.S.C. § 924(c)'s mandatory minimum as *the* sentence range for that offense and notes that for a 18 U.S.C. § 924(c) offense, the typical sentence adjustments or reductions do not apply. *Id.* at 188, n.4.